I. N. CRAIG, Appellant, v. WM. PLUNKETT, Appellee.

Intoxicating Liquors: NUISANCE: SALES FOR LAWFUL PURPOSE WITHOUT PERMIT. In an action for the abatement of a liquor nuisance it appeared that the defendant was a physician and druggist, and that he had sold intoxicating liquors for medicinal purposes, without having a permit to sell as required by law, and that his place of business was reputed as being a place where intoxicating liquors were sold. *Held*, that the evidence was sufficient to sustain the charge against the defendant, and that the plaintiff was entitled to have an injunction issue, and to recover his attorney's fee.

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

WEDNESDAY, MAY 20, 1891.

THE petition alleges that the defendant was the owner of a certain lot and building, and that he kept and maintained upon said premises " a place for the sale of intoxicating liquors as a beverage, and the defendant has sold, and continues to sell, intoxicating liquors at said place as a beverage," asking the abatement of the nuisance, and that an injunction issue. The defendant answered, denying generally, and the case was tried to the court, and a decree entered, dismissing the petition, and rendering judgment against the plaintiff for costs, from which he appeals.—*Reversed.*

*Newman & Blake,* for appellant.

*W. B. Culbertson,* for appellee.

GIVEN, J.—The only question involved is whether, under the evidence, the court should not have found for the plaintiff. The defendant was a practicing physician, and kept a drugstore ; but it is not claimed that he had authority to sell intoxicating liquors for any purpose. Three witnesses testify to each of them having purchased a small quantity of alcohol from defendant.

The defendant, in his testimony, denies having sold alcohol to one of the witnesses ; admits the sale to another but says it was for the purpose of mixing a liniment, and does not distinctly deny the other sale. There was also testimony tending to show that the defendant's place was reputed as being a place where intoxicating liquors were sold.

The defendant seems to rely upon the mitigating circumstances under which and the purposes for which the sales were made, and that the alcohol was not sold "as a beverage" as charged.    The defendant not having authority to sell to any person for any purpose, the circumstances and purposes cannot be a justification. The charge that the liquors were sold as a beverage is mere surplusage, the defendant being alike liable whether the sales were for that purpose or any other. We think it very clear that the allegations of the petition were fully sustained, and that a decree should have been entered as prayed.    The decree of the district court is, therefore, reversed, and a decree will be entered for the plaintiff as prayed, including an attorney's fee for the plaintiff's attorney of fifty dollars for services in the district court.    REVERSED.